**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 108982

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| National Photo Group, LLC, BWP Media USA Inc. d/b/a Pacific Coast News, FameFlynet, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music, Tat Wza, Sabrina B a/k/a gametimegirl, Marisa Mendez, Shaina Auxilly a/k/a Shay_Marie<br><br>Defendants. | Docket No:<br><br>**COMPLAINT** |

   National Photo Group, LLC ("*NPG*"), FameFlynet, Inc. ("*FameFlyNet*"), and BWP Media USA Inc. d/b/a Pacific Coast News ("*BWP*") (hereinafter collectively referred to as "*Plaintiffs*"), by and through its undersigned counsel, for their Complaint against defendants IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music, Tat Wza, Sabrina B a/k/a gametimegirl, Marisa Mendez, and Shaina Auxilly a/k/a Shay_Marie (hereinafter collectively referred to as "*Defendants*") states and alleges as follows:

**<u>INTRODUCTION</u>**

   1. This action seeks to recover for copyright infringement. Plaintiffs herein provide entertainment-related photojournalism goods and services and own the rights to photographs featuring celebrities which they license to online and print publications. Plaintiffs have obtained

1

U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

2. Defendants own and operate a website known as www.inflexwetrust.com (the "*Website*") and, without permission or authorization from Plaintiffs, actively copied, stored, modified, and/or displayed Plaintiffs' photographs on the Website without permission or authorization from Plaintiffs and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

3. NPG is a California Limited Liability Company and maintains its principal place of business in Los Angeles County, California.

4. BWP is a Delaware Corporation and maintains its principal place of business in Los Angeles County, California.

5. FameFlyNet is a California Limited Liability Company and maintains its principal place of business in Los Angeles County, California.

6. On information and belief, Defendant IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music, is a New York Corporation with a principal place of business in WESTCHESTER County, New York and is liable and responsible to Plaintiffs based on the facts herein alleged.

7. On information and belief, Defendant Tat Wza, is the site manager and editor-in-chief of IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music, a New York Corporation, maintains a residence in the state of New York, and is liable and responsible to Plaintiffs based on the facts herein alleged.

8. On information and belief, Defendant Sabrina B a/k/a gametimegirl, is the assistant to the chief executive officer and sports editor of IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music, a New York Corporation, maintains a residence in the state of New York, and is liable and responsible to Plaintiffs based on the facts herein alleged.

9. On information and belief, Defendant Marisa Mendez, is an employee of IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music, a New York Corporation, maintains a residence in the state of New York, and is liable and responsible to Plaintiffs based on the facts herein alleged.

10. On information and belief, Defendant Shaina Auxilly a/k/a Shay_Marie, is an

employee of IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music, a New York Corporation, maintains a residence in the state of New York, and is liable and responsible to Plaintiffs based on the facts herein alleged.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12. This Court has personal jurisdiction over IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music because IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music maintains its principal place of business in New York.

13. This Court has personal jurisdiction over Tat Wza because Tat Wza is an employee and/or agent of IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music and is a resident of the state of New York.

14. This Court has personal jurisdiction over Sabrina B a/k/a gametimegirl because Sabrina B a/k/a gametimegirl is an employee and/or agent of IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music and is a resident of the state of New York.

15. This Court has personal jurisdiction over Marisa Mendez because Marisa Mendez is an employee and/or agent of IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music and is a resident of the state of New York.

16. This Court has personal jurisdiction over Shaina Auxilly a/k/a Shay_Marie because Shaina Auxilly a/k/a Shay_Marie is an employee and/or agent of IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music and is a resident of the state of New York.

17. Venue is proper under 28 U.S.C. §1391(a)(2) because IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music, Tat Wza, Sabrina B a/k/a gametimegirl, Marisa Mendez, and Shaina Auxilly a/k/a Shay_Marie do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

18. Plaintiffs are the legal and rightful owners of photographs which they license to online and print publications.

19. Plaintiffs have invested significant time and money in building their photograph portfolios.

20. Plaintiffs have obtained active and valid copyright registrations from the United States Copyright Office (the "USCO") which cover many of their photographs while many others are the subject of pending copyright applications.

21. Plaintiffs' photographs are original, creative works in which Plaintiff's own protectable copyright interests.

22. The Website is a popular and lucrative enterprise that purposefully displays celebrity and/or news photographs, including Plaintiffs' copyrighted photographs.

23. The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendants profit from these activities.

24. Without permission or authorization from Plaintiffs, Defendants volitionally selected, copied, modified, stored and/or displayed Plaintiffs' copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

25. On information and belief, the Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on their copyrights (hereinafter collectively referred to as the "*Infringements*").

26. As is set forth more fully in Exhibit "1", each listed Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

27. Each listed infringement in "Exhibit 1" is an exact copy of Plaintiff's original image that was directly copied and stored by Defendants on the Website.

28. Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendants.

29. On information and belief, Defendants take an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiffs' Photographs.

30. On information and belief, Defendant directly contributes to the content posted on the Websites by, inter alia, directly employing moderators and administrators, including Vic Slick, as Defendant's agents (hereinafter collectively referred to as "Employees") who are

4

responsible for operating and controlling the activities on the Website.

31. IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music is the registered owner of the Websites and is responsible for their content.

32. IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music is the operator of the Websites and is responsible for their content.

33. On information and belief, the photographs were posted to the Website by Defendants Tat Wza, Sabrina B a/k/a gametimegirl, Marisa Mendez, and Shaina Auxilly a/k/a Shay_Marie.

34. Defendant Tat Wza is an employee of Defendant IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music.

35. Defendant Tat Wza is an agent of Defendant IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music.

36. Defendant Tat Wza is an owner of Defendant IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music.

37. Defendant Tat Wza is authorized to post to the Website.

38. Defendant Sabrina B a/k/a gametimegirl is an employee of Defendant IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music.

39. Defendant Sabrina B a/k/a gametimegirl is an agent of Defendant IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music.

40. Defendant Sabrina B a/k/a gametimegirl is authorized to post to the Website.

41. Defendant Marisa Mendez is an employee of Defendant IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music.

42. Defendant Marisa Mendez is an agent of Defendant IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music.

43. Defendant Marisa Mendez is authorized to post to the Website.

44. Defendant Shaina Auxilly a/k/a Shay_Marie is an employee of Defendant IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music.

45. Defendant Shaina Auxilly a/k/a Shay_Marie is an agent of Defendant IFWT, Inc. d/b/a INFLEXWETRUST, IFWT Music.

46. Defendant Shaina Auxilly a/k/a Shay_Marie is authorized to post to the Website.

47. Defendant's act of designating Employees as moderators and/or administrators,

regardless of their actual position or their nature of relationship with Defendant, and providing them with specific Website credentials beyond those of a typical user leads a third party to reasonably believe the actor has authority to act on behalf of the Defendant.

48. At all material times hereto the Employees were acting within the course and scope of their employment.

49. At all material times hereto the Employees were acting within the course and scope of their agency.

50. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

51. On information and belief, none of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

52. On information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendants cannot claim that they were not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

53. On information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

54. On information and belief, Defendant's Employees, created participated and commented on "threads" or postings that encouraged members to post copyrighted photographs, including Plaintiffs' Photographs.

55. On information and belief, Defendant's Employees actively reviewed, monitored, commented, deleted and "cleaned" postings and threads containing Plaintiffs' Photographs.

56. On information and belief, the Photographs are readily identifiable as copyright protected as the vast majority of the photographs on the Website contain a copyright watermark on the image, thereby making their infringement willful as a matter of law.

57. On information and belief,, Defendant has the legal right and ability to control and limit the infringing activities on their Websites and exercised and/or had the right and ability to exercise such right.

58. On information and belief, Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Website.

59. On information and belief, Defendant monitors the content on its Website.

60. On information and belief, Defendant's Employees actively review, modify and delete or "cleaned" postings and threads.

61. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Websites had increased traffic to the and, in turn, realized an increase their advertising revenues and/or merchandise sales.

62. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

63. On information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiffs' copyrighted material.

64. As a result of Defendants' misconduct, Plaintiffs have been substantially harmed.

## **FIRST COUNT**
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

65. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

66. The Photographs are original, creative works in which Plaintiffs own valid copyright properly registered with the United States Copyright Office.

67. Plaintiffs have not licensed Defendants the right to use the Photographs in any manner, nor have Plaintiffs assigned any of its exclusive rights in the copyrights to Defendants.

68. Without permission or authorization from Plaintiffs and in willful violation of their rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiffs thereby violating one of Plaintiffs' exclusive rights in its copyrights.

69. Defendants' reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

70. As a direct and proximate result of Defendants' misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
### *(Vicarious Copyright Infringement)*

71. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

72. At all material times hereto, on information and belief, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents and members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

73. For example, on information and belief, Defendants had the practicable ability to police the images on the Website when its Employees edited, modified and/or interacted with the Photographs and, therefore, had the right and ability to supervise and control the infringing Photographs.

74. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendants' members have continued to infringe upon Plaintiffs' Photographs, which in turn generates profits for Defendants directly from the use of the Infringements.

75. On information and belief, Defendants enjoyed a directed financial benefit from the infringing activity of its members, Employees and agents from, inter alia, advertising revenue from the increased traffic to its Website and from increase in fees paid by sponsors.

76. On information and belief, Defendants further enjoyed a directed financial benefit from using the "draw" of Plaintiffs' Photographs to increase user traffic, thereby increasing advertising revenue, sponsorship fees, partnership opportunities, brand awareness, and its readership base.

77. Accordingly, Defendants are liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

78. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiffs' rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial; and

b. A permanent injunction against Defendants pursuant to 17 U.S.C. §502; and

c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

d. Plaintiff's costs; together with

e. Such other relief that the Court determines is just and proper.

DATED: October 7, 2016

        **SANDERS LAW, PLLC**

        By:  /s Craig B. Sanders
        Craig B. Sanders, Esq. (CS4163)
        SANDERS LAW, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 281-7601
        csanders@sanderslawpllc.com

        *Attorneys for Plaintiff*
        File No.:108982